# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS L. GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 547 |
| | ) | |
| CITY OF CHICAGO, FLEET MANAGEMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's partial motion to dismiss. For the reasons stated below, we grant in part and deny in part the partial motion to dismiss.

## BACKGROUND

Plaintiff Thomas L. Gross ("Gross") alleges that he was employed by Defendants in Chicago, Illinois as a machinist foreman. Gross alleges that in November of 2003 he requested to be transferred to an open day shift position and that his request was denied. Gross alleges that a "white male" with less seniority than Gross was placed in the open shift position. (Compl. 4). Gross claims that he

1

complained that he was being discriminated against by Defendants and that after he complained, the "white male" who was transferred to that shift began harassing Gross. (Compl. 4-5). Gross claims that he was subjected to continual harassment, such as being denied tools and manuals that he needed in order to perform his job properly. Gross filed a *pro se* complaint indicating that he was discriminated against because of his race and retaliated against because he complained about the alleged discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. § 1983 ("Section 1983"). Defendants have moved for a partial dismissal.

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations

provide[d] little detail... [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical*

*Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

# DISCUSSION

## I. Collective Bargaining Agreement

Defendants argue that Gross cannot proceed on a claim based upon a breach of the collective bargaining agreement ("CBA") formed between his union and the City. A plaintiff union employee generally is required to "exhaust the CBA's grievance procedures before pursuing judicial remedies. . . ." *McLeod v. Arrow Marine Transport, Inc.*, 258 F.3d 608, 616 (7th Cir. 2001). A court may allow such a plaintiff to proceed in court without exhausting his union remedies if: "(1) resorting to the grievance procedure would be futile; (2) the employer through its conduct repudiated the grievance procedure itself; or (3) the union breached its duty of fair representation." *Id.* In the instant action, Defendants contend that Gross has not filed a grievance to address any matters that fall within the scope of the CBA. Gross does not allege that he exhausted any such remedies. Neither does he indicate in his answer to the instant motion that he ever filed a grievance. Further, Gross has not provided any basis to the court that would warrant waiving the exhaustion requirement. Therefore, we grant Defendants' motion to dismiss any claims based upon an alleged violation of the provisions of the CBA.

## II. Municipal Policy Claims

Defendants argue that the court should dismiss the Section 1981 and

Section 1983 policy claims against the City because Gross has not pled sufficient facts that indicate that a municipal policy or practice was responsible for the alleged misconduct. In order to state a claim for municipal liability under Section 1981 or Section 1983, a plaintiff must allege that a municipal policy or practice caused the alleged misconduct. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). In the instant action, Gross has not provided any allegations that would indicate that a City policy or custom was responsible for any of the alleged discrimination. Therefore, we grant Defendants' motion to dismiss the Section 1981 and Section 1983 policy claims.

III. Race Discrimination Claims

Defendants argue that the court should dismiss the race discrimination claims because Gross has not alleged that he suffered an adverse employment action. In order to defeat a summary judgment motion on a Title VII discrimination claim under the indirect method of proof, a plaintiff must first show that : (1) []he is a member of a protected class; (2) []he performed her job satisfactorily; (3) []he suffered an adverse employment action; and (4) defendants treated similarly situated employees outside h[is] class more favorably." *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004). The indirect method of proof and the *prima facie* elements utilized in regards to a Title VII discrimination claim are also utilized in the analysis for a Section 1983 discrimination claim and a Section 1981 discrimination claim.

6

*Williams v. Seniff*, 342 F.3d 774, 788 n.13 (7th Cir. 2003); *Alexander v. Wisconsin Dept. of Health and Family Servs.*, 263 F.3d 673, 682 (7th Cir. 2001)(stating that "a Plaintiff alleging race discrimination under Title VII and § 1981 can prove such discrimination either by providing direct evidence of an employer's discriminatory intent or by showing disparate treatment using indirect evidence and the burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).").

In the instant action, it is not apparent on the face of the complaint whether or not the failure to transfer Gross to the day shift constituted an adverse employment action. In fact, the Seventh Circuit has made it clear that there is no set list of actions that do or do not constitute adverse employment actions. *See Cerros v. Steel Technologies, Inc.*, 288 F.3d 1040, 1044-45 (7th Cir. 2002)(explaining that "[r]ather than setting forth a finite list of what actions constitute adverse employment actions," the Seventh Circuit has "instead provided a range of examples from economic injuries to other actions that are not as easily quantifiable, but nonetheless are enough to qualify as an adverse change in the terms and conditions of someone's employment."). The refusal by Defendants to assign Gross to the day shift might constitute an adverse employment action and it might not. However, in order to resolve that issue and determine whether or not Defendants took an adverse employment action against Gross, we would have to enter into an inquiry into the facts and evidence in this case which is well beyond the scope of the complaint and

the scope of a motion to dismiss. *See Conley*, 355 U.S. at 45-46 (stating that the allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). This point is clearly illustrated by the fact that the element that Defendants are arguing before the court in their motion to dismiss is an element put forth by the Seventh Circuit for the analysis employed to address a summary judgment motion. *See e.g. O'Neal*, 392 F.3d at 911. Defendants acknowledge themselves that, in determining whether an action is a material adverse employment action, factors must be considered such as whether the action was minor or was merely an inconvenience to the employee rather than a significant alteration of job responsibilities. (Mot. 7). Defendants also acknowledge that the court must consider whether or not benefits or wages were impacted by the employment action and in general whether the decision by Defendants resulted in a "quantitative or qualitative change in the conditions of [Gross'] employment." (Mot 8). *See Patt v. Family Health Systems, Inc.*, 280 F.3d 749, 753 (7th Cir. 2002)(stating that "[i]n assessing whether some action by the employer constitutes an adverse employment action, [the court should] consider both quantitative and qualitative changes in the terms or conditions of employment."). Such an inquiry into the alterations of the conditions of Gross' employment is beyond the scope of the complaint and beyond the scope of a motion to dismiss. Thus, Defendants' argument pertaining to whether or not Gross suffered an adverse employment action are premature in the instant

8

motion to dismiss. Therefore, we deny Defendants' motion to dismiss the race discrimination claims.

IV. Harassment Claims

Defendants argue that the court should dismiss the harassment claims because it is beyond the scope of the charges that Gross filed with the Equal Employment Opportunity Commission ("EEOC"). Generally, a plaintiff may not bring claims in a court action that were not included in his charge that he filed with the Equal Employment Opportunity Commission ("EEOC"). *Kersting v. Wal-Mart, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001). This rule, which prevents the introduction of new discrimination claims in the court action, provides "an opportunity for the EEOC to settle the dispute between the employee and employer, and put[s] the employer on notice of the charges against it." *Harper v. Godfrey Co.*, 45 F.3d 143, 147 (7th Cir. 1995). A plaintiff can only pursue a claim that is not specifically included in an EEOC charge if the "allegations fall within the scope of the charges contained in the EEOC complaint." *Kersting*, 250 F.3d at 1118. A claim falls within the scope of the EEOC charge if the claim is "like or reasonably related to" the claim included in the EEOC charge, and whether the new claim can "reasonably be expected to grow out of an investigation of the EEOC charges." *Harper*, 45 F.3d 147 (quoting *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). In making such a determination, the plaintiff is required "at minimum" to show that the new claim and

9

the EEOC charge "describe the same conduct and implicate the same individuals." *Kersting,* 250 F.3d at 1118 (quoting *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir. 1994)).

In the instant action, Gross filed a charge with the EEOC on May 14, 2004, in which he indicated that he was discriminated against because of his race when he his application for the day shift was denied by Defendants. Gross filed another charge with the EEOC on August 24, 2004, in which he alleged that he is being retaliated against because he complained about discrimination. Gross specifically states in his second EEOC charge: "I have complained internally that my service manuals have been missing and the ability to perform my job duties are being sabotaged." (8/24/2004 EEOC). The alleged missing service manuals and the alleged efforts to sabotage Gross' work are the same allegations that are the bases of his harassment claim in his complaint. (Compl. 4). The subject matter relating to his harassment claim is clearly dealt with in the second EEOC charge and is not beyond the scope of the charge simply because Gross did not explicitly use the word "harassment" in the charge. The harassment allegations involve the same individuals and the same conduct referred to in the EEOC charge. Therefore, we deny Defendants' motion to dismiss the harassment claim.

## V. Claims Brought Against Fleet Management

Defendants argue that the claims against Fleet Management should be

dismissed because Fleet Management is a part of the City and is not a distinct entity that can be sued separately from the City. Fleet Management is merely a department of the City as Gross readily acknowledges in his complaint, (Compl. Par. 3), and Fleet Management is therefore not a separate legal entity that may be sued in the instant action. Therefore, the claims brought against Fleet Management are redundant claims and we grant Defendants' motion to dismiss all claims brought against Fleet Management.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the claim based upon a breach of the CBA. We grant Defendants' motion to dismiss the Section 1981 and Section 1983 policy claims brought against the City. We grant Defendants' motion to dismiss all claims brought against Fleet Management. We deny Defendants' motion to dismiss the harassment claim and the race discrimination claim.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 13, 2005