# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS L. GROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 547 |
| | ) |
| CITY OF CHICAGO, FLEET MANAGEMENT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Thomas L. Gross' ("Gross") motion for summary judgment and on Defendant City of Chicago's ("City") motion for summary judgment. For the reasons stated below, we deny Gross' motion for summary judgment and grant the City's motion for summary judgment in its entirety.

## BACKGROUND

Gross alleges that he was employed by Defendants in Chicago, Illinois as a machinist foreman. Gross alleges that in November 2003, he requested to be transferred to an open day-shift position and that his request was denied. Gross alleges that a "white male" with less seniority than Gross was placed in the open

1

position. (Compl. 4). Gross claims that after he filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination, he was subjected to harassment, including being denied tools and manuals that he needed in order to perform his job properly. Gross filed a *pro se* complaint indicating that he was discriminated against because of his race and retaliated against because he complained about the alleged discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. § 1983 ("Section 1983"). On June 13, 2005, we granted Defendants' motion to dismiss the claim based upon a collective bargaining agreement. We also granted Defendants' motion to dismiss the Section 1981 and Section 1983 claims brought against the City. In addition, we granted Defendants' motion to dismiss all claims brought against Fleet Management.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

2

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. City's Motion for Summary Judgment

The City moves for summary judgment on the remaining Title VII race

discrimination, racial harassment, and retaliation claims.

### A. Local Rule 56.1

In the instant action, Gross has failed to file a numbered response to the City's statement of material facts. Gross has filed a document entitled "Plaintiff, Thomas Gross [sic] Answer in Support of its Motion for Summary Judgment." However, the document does not contain any numbered responses to the City's statement of material facts and instead just responds to the City's motion in a narrative fashion. Pursuant to Local Rule 56.1, any facts that are not properly disputed are deemed admitted. Local Rule 56.1; *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994)(stating that a court is not "obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions"); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating that the Seventh Circuit has held "that a district court is entitled to expect strict compliance with Rule 56.1" and that "[s]ubstantial compliance is not strict compliance"). A *pro se* individual is not excused from compliance with Local Rule 56.1. *See, e.g., Greer v. Board of Educ. of the City of Chicago, Illinois*, 267 F.3d 723, 727 (7th Cir. 2001); *Banks v. Archer/American Wire*, 2005 WL 2007227, at *1 (N.D. Ill. 2005). We note that Gross was provided with the notice for summary judgment motions in accordance with Local Rule 56.2. Therefore, since Gross has failed to file a proper

response to the City's statement of material facts, all the facts contained therein are deemed to be undisputed pursuant to Local Rule 56.1.

B. Race Discrimination Claim

The City moves for summary judgment on the race discrimination claim. In order for a plaintiff to defeat a motion for summary judgment on a Title VII discrimination claim, the plaintiff can proceed under either the direct method of proof or the indirect method of proof. *Rudin v. Lincoln Land Community College*, 420 F.3d 712, 719-21 (7th Cir. 2005). Under the direct method of proof, the plaintiff must establish a discriminatory motivation through direct or circumstantial evidence. *Id.* at 720. Direct evidence in such a context would be evidence that "can be interpreted as an acknowledgment of discriminatory intent by the defendant or its agents." *Id.*; *see also Jordan v. City of Gary*, 396 F.3d 825, 832 (7th Cir. 2005)(stating that "[t]o prove discrimination via direct evidence 'essentially requires an admission by the decision-maker that his actions were based on the prohibited animus [and that][i]t should not be surprising that in today's politically correct workplace environment such admissions are rarely, if ever, made or encountered'"); *Rozskowiak v. Village of Arlington Heights*, 415 F.3d 608, 612 (7th Cir. 2005)(stating that "[d]irect evidence 'essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus'")(quoting *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003)).

5

A plaintiff can present circumstantial evidence under the direct method of proof, but such evidence must be sufficient to create "a triable issue of whether the adverse employment action of which [the plaintiff] complains had a discriminatory motivation." *Rudin*, 420 F.3d at 721. The Seventh Circuit has indicated that circumstantial evidence can create a triable issue only if there is a "'convincing mosaic' of circumstantial evidence that allows a jury to infer intentional discrimination by the decisionmaker." *Rhodes v. Illinois Dept. of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004).

Under the indirect method of proof, a plaintiff must establish a *prima facie* case of discrimination by showing that: "(1) he belongs to a protected class; (2) his performance met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated others not in his protected class received more favorable treatment." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). If the plaintiff establishes a *prima facie* case, the defendant must provide a "legitimate and non-discriminatory reason for the employment action." *Id.* If the employer does so, the burden shifts back to the plaintiff to show that "the proffered reasons are a pretext for discrimination." *Id.*

In the instant action, Gross has not pointed to any direct or circumstantial evidence indicating a discriminatory motivation. A review of the evidence and facts admitted pursuant to Local Rule 56.1 reveals that there is not sufficient evidence of a discriminatory motivation that would enable Gross to prevail under the direct

method of proof and Gross will thus need to proceed under the indirect method of proof. The City argues that Gross did not suffer an adverse employment action, failed to point to a similarly situated employee, and failed to show that the reason given by the City was a pretext.

1. Adverse Employment Action

Gross claims that the City discriminated against him by refusing to transfer him to the day shift. (Compl. Par. 12(h), 13). While there is no exhaustive list of what constitutes an adverse employment action, the Seventh Circuit has defined an adverse employment action as "a significant change in the claimant's employment status such as hiring, discharge, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits." *Rhodes*, 359 F.3d at 504. Although Gross complains that he was denied a transfer to the day shift, he admits pursuant to Local Rule 56.1 that he "suffered no decrease in salary" and "suffered no forfeiture or loss of job benefits" as a result of the denial. (SF 50-51). Gross admits that his "job responsibilities remained unchanged after he was denied the shift change," and that none of his "working conditions changed." (SF 52-53). Neither is there any evidence that indicates that a transfer to the day shift would constitute any type of promotion. *See Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004)(giving elements

for *prima facie* case for a denial of a promotion). The evidence unequivocally indicates that Gross sought a transfer to the same position on the day shift that he held on the night shift. Gross' only complaint is that he was not allowed to work the precise hours that he desired to work. The denial of an employee's request to work certain hours is not sufficient to constitute an adverse employment action. The scheduling of an employee's work hours is a determination made in the ordinary course of business by an employer as part of its daily operations, and the Seventh Circuit has made it clear that Title VII does not authorize courts to act as a "'super-personnel department' intervening whenever an employee feels he is being treated unjustly." *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 435 (7th Cir. 2005); *see also Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1007 (7th Cir. 2002)(stating that "courts do not sit as super personnel departments to second guess an employer's facially legitimate business decisions"). Thus, we will not, under the auspices of Title VII, oversee the City's scheduling of hours for an employee who is merely discontented with his work schedule. *See also, e.g., Grube v. Lau Industries, Inc.*, 257 F.3d 723, 729-30 ( 7th Cir. 2001)(finding that a transfer to the second shift was not an adverse employment action). Therefore, Gross has failed to point to sufficient evidence that shows he suffered an adverse employment action.

2. Similarly-Situated Employee

Gross claims that his request to transfer to the day shift was denied and that the day-shift position was given to a "white male" instead. (Compl. Par. 13). A similarly-situated employee is an employee who is "directly comparable to [the plaintiff] in all material respects." *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 531-32 (7th Cir. 2003)(stating that "[t]o evaluate whether two employees are directly comparable, we consider all of the relevant factors, 'which most often include whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications--provided the employer considered the latter factors in making the personnel decision'"). Gross admits pursuant to Local Rule 56.1 that the selection of individuals for transfer to the day shift was governed by the collective bargaining agreement between the employees' union and the City. (SF 22). Gross admits that in order to be transferred to the day shift, an employee must have a "white card" on file and have the highest seniority. (SF 23-25). Gross admits that he submitted a white card for the day shift in November 2003, and that Glen Carlson ("Carlson") also submitted a white card for the day-shift position. (SF 38-39). Gross admits that Carlson was selected for the position and that Carlson had more seniority than Gross. (SF 42-43). Thus, Carlson, the employee selected for the day-shift position, was not a similarly-situated employee because he had more seniority than Gross. Therefore, Gross has failed to point to sufficient evidence of a similarly-situated employee outside the protected

class who was treated more favorably. *See Rozskowiak*, 415 F.3d at 614 (affirming the district court's grant of the defendant's motion for summary judgment because the plaintiff "did not establish a *prima facie* case of discrimination, as he failed to produce any evidence that similarly-situated employees who were not of [the same] descent were treated more favorably").

### 3. Pretext

The City has indicated that it transferred Carlson to the day shift rather than Gross because Carlson had more seniority and thus the City has provided a legitimate non-discriminatory reason for refusing Gross' request to transfer to the day shift. Gross, therefore, bears the burden of showing that the given reason is simply a pretext for unlawful discrimination. *Brummett*, 414 F.3d at 692. In order to show that a reason given by an employer is a pretext under the indirect method of proof, the plaintiff must show "more than [that] the decision was 'mistaken, ill considered or foolish,'" and that the given reason is a "dishonest explanation, a lie rather than an oddity or an error." *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005). In the instant action, based on the evidence and Local Rule 56.1 admissions, it is clear that the City followed all of the established procedures for selecting Carlson for the day-shift position. There is no evidence that would indicate that the City was in any way utilizing the procedure as a guise to conceal an intent to

unlawfully discriminate against Gross. Gross' allegations of racial animus are based purely on his own unsupported personal belief. Gross continues to include additional unsupported accusations in his answer, contending, for example, without any reference to any supporting evidence, that Carlson "was placed on the day shift through manipulation of the White Card system." (Ans. 2). Therefore, Gross has not pointed to sufficient evidence of a pretext. Based on the above, we grant the City's motion for summary judgment on the race discrimination claim.

### C. Racial Harassment Claim

Gross claimed several times in the complaint that he had been harassed at the workplace. (Compl. Par. 12, 16). Gross appears to connect the harassment in part to his retaliation claim by stating that the City "began harassing [him] after [he] filed [the] charge of discrimination." (Compl. Par 12(h)). However, Gross also makes a reference to being "subjected to *continuing harassment*" after he was denied a transfer to the day shift, indicating alleged harassment prior to the filing of his EEOC charge. (Compl. Par. 16)(emphasis added). To the extent that Gross alleges harassment because of his race, Gross will need to meet the requirements for a hostile work environment claim. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 863 (7th Cir. 2005). To defeat summary judgment on a hostile work environment claim based upon the plaintiff's race, the plaintiff must show that: "(1) he was subjected to unwelcome harassment, (2) the harassment was based on his race, (3) the harassment was severe and pervasive enough to alter the conditions of

11

his environment and create a hostile and abusive working environment, and (4) there is a basis for employer liability." *Id.*

In the instant action, Gross has not pointed to any specific evidence of harassment prior to the filing of his EEOC charge. Gross alleges that after he filed his EEOC charge, he "was denied tools and manuals needed to perform [his] job as a machinist Foreman." (Compl. Par. 16). Gross also testified at his deposition that he was harassed because certain vehicles that his crew serviced were tampered with by City employees. (Gross Dep. II 71). Such allegations, even if true, are not sufficient to establish sufficiently pervasive and severe misconduct to constitute a hostile work environment. The evidence and Local Rule 56.1 admissions show that there was no wrongdoing by any City employee in regard to the provision of manuals or tools. There is also a complete absence of evidence to indicate that any vehicles Gross serviced were tampered with inappropriately. For example, Gross admits pursuant to Local Rule 56.1 that Kenneth Kosowski ("Kosowski"), the Manager of Vehicle Maintenance at Midway Airport and Gross' supervisor, obtained a list from Gross of the alleged "missing manuals" and that Kosowski "determined that the manuals that Mr. Gross claimed were missing were either still on the shelves, were never on the shelves, or did not exist." (SF 59). Gross admits that he testified that he has no evidence that the manuals he claims were missing were intentionally hidden from him in order to harass him. (SF 64). Gross also admits that any service manuals that were missing would likewise affect the work of the Caucasian employees on his crew and on other shifts, including Carlson. (SF 65, 67).

In regard to the alleged missing tools, Gross testified that a Freon leak detector tool was missing. (Gross Dep. II 66). However, Gross admits that Carlson indicated that he had found the tool left out and had locked it up in a cabinet to keep it from being stolen and Gross admits that he was able to complete his assigned tasks without the detector. (SF 72, 74). Gross admits that none of his personal tools were ever missing when he came to work. (SF 78). Finally, Gross claims that after his crew repaired certain vehicles, the vehicles were tampered with to make it appear as though Gross' crew did not perform their job correctly. Gross admitted at his deposition that he has absolutely no evidence showing that any vehicle he worked on was tampered with and that his allegations are pure speculation on his part. (SF 80-86). Gross has thus failed to point to any evidence that would indicate that he was harassed. Therefore, we grant the City's motion for summary judgment on the racial harassment claim.

D. Retaliation Claim

Gross alleges that after he filed his EEOC charge, he was harassed and discriminated against by the City. In order to defeat a motion for summary judgment on a Title VII retaliation claim, a plaintiff must proceed under the direct or indirect method of proof. *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003); *Moser v. Indiana Dept. of Corrections*, 406 F.3d 895, 903-04 (7th Cir. 2005). Gross has not pointed to sufficient evidence to proceed under the direct method of proof and would need to proceed under the indirect method. To proceed under the

indirect method, a "plaintiff must establish a prima facie case of retaliation by showing that: (1) []he engaged in a statutorily protected activity; (2) []he met the employer's legitimate expectations; (3) []he suffered an adverse employment action; and (4) []he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Id.* If a plaintiff establishes a *prima facie* case, the employer must "present evidence of a non-discriminatory reason for its employment action." *Id.* If the employer does so, the plaintiff must show that the "employer's reason is pretextual." *Id.*

In the instant action, Gross' retaliation claim is based upon the same allegations referenced above, alleging that manuals and tools were missing and that vehicles were tampered with in an attempt to discredit Gross. However, as is indicated above, based upon the evidence and Local Rule 56.1 admissions, no reasonable trier of fact could conclude that any of those events occurred. The trier of fact cannot simply speculate, in the absence of evidence and based solely on Gross' unsupported accusations, that tools and manuals were missing or that vehicles were tampered with by other City employees. Gross has not shown that he suffered any adverse employment action because he filed his EEOC charge. Neither has Gross pointed to evidence that would indicate that any action taken by the City after Gross filed the EEOC charge was a pretext for discrimination. To the extent that Gross intended to assert that he was harassed in retaliation, as is indicated above, Gross has failed to point to sufficient evidence of any harassment due to his race or to the filing of his EEOC charge. Therefore, we grant the City's motion for

summary judgment on the retaliation claim.

## II. Gross' Motion For Summary Judgment

Gross has also filed a motion for summary judgment. However, despite the fact that he was provided with the notice regarding a summary judgment motion prescribed in Local Rule 56.2, Gross does not present a cogent argument as to why he is entitled to prevail as a matter of law. Gross begins his motion by citing *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 733 (7th Cir. 1986), for the proposition that "[a]ll well pleaded facts and allegations in the Plaintiff's complaint must be taken are [sic] true." (G SJ 1). However, the court in *Globe* was reviewing a ruling on a motion to dismiss. *Id.* at 733. Gross is correct that under the legal standard for a motion to dismiss his allegations must be accepted as true, but we are no longer at the pleading stage in the instant action. The City has already filed a motion to dismiss in the instant action, which was granted in part and denied in part. The parties have conducted discovery and have now filed summary judgment motions. At this juncture, Gross cannot simply rely on unsupported allegations. Federal Rule of Civil Procedure 56.1 specifically provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e). Gross' summary judgment motion consists of a narrative of his view of certain facts in the case, and Gross does not point to any evidence to

15

support his version of the facts. Gross also continues to provide unsupported allegations against the City, which cannot carry the day at this point in the litigation. Therefore, we deny Gross' motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we grant the City's motion for summary judgment in its entirety and deny Gross' motion for summary judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 29, 2005